In July of 2016, the plaintiff (Doe) filed a verified complaint in the Superior Court for judicial review pursuant to G. L. c. 30A, declaratory judgment, and certiorari relief pursuant to G. L. c. 249, § 4. The defendant, the Sex Offender Registry Board (SORB), filed a motion to dismiss, which was allowed. Doe appeals, claiming that (1) the motion judge erred in ruling that the Superior Court did not have subject matter jurisdiction over Doe's motion before SORB to vacate his level three sex offender classification; (2) his due process rights were violated when SORB failed to provide notice of its intent to increase his sex offender classification from level two to level three; and (3) the increase in his classification was based on materially inaccurate information. We reverse and remand.
Background. In 2005, Doe pleaded guilty to rape of a child. In September, 2008, SORB notified Doe that it intended to recommend a level two classification. Doe did not object and the classification became final in October of 2008. In January of 2014, SORB sent a notice to Doe informing him that it intended to increase his classification to level three.[2] Doe contends that because he did not receive this notice, he did not file an objection. As a result, the recommended classification became final in March of 2014.
In May of 2016, Doe filed with SORB a motion to vacate the level three classification and alternatively to reinstate his hearing rights. The motion was summarily denied on June 20, 2016. Thereafter, Doe filed the complaint that is the subject of this appeal.
A judge of the Superior Court, in allowing SORB's motion to dismiss, ruled that the court lacked subject matter jurisdiction to review the denial of Doe's motion to vacate because it did not result from an adjudicatory hearing. The judge also ruled that to the extent Doe did not receive SORB's notification of its intent to increase his classification level, any due process violation was waived by Doe's two-year delay in moving to vacate the increased classification. The judge did not address Doe's certiorari claim.
Subject matter jurisdiction. General Laws c. 30A, § 14, provides for judicial review of a final decision of an agency in an adjudicatory proceeding. School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 577 (2007). However, if the agency decision is not made in an adjudicatory proceeding, a court lacks jurisdiction to review the decision under G. L. c. 30A. Ibid. Here, we agree with Doe that the denial of his motion to vacate the level three certification did arise from an adjudicatory proceeding[3] and, thus, the Superior Court judge erred in dismissing his complaint for lack of subject matter jurisdiction. See Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 394-395 (2013) (Soe ); Doe, Sex Offender Registry Bd. No. 209081 v. Sex Offender Registry Bd., 478 Mass. 454, 457 (2017) (Doe No. 209081 ). Moreover, SORB's exercise of its inherent authority to reopen a classification proceeding is reviewable for an abuse of discretion. Soe, supra at 395-396. Doe No. 209081, supra.
In the circumstances, Doe's motion is so interconnected with the underlying reclassification that the proceeding is indeed adjudicatory. Compare ibr.US_Case_Law.Schema.Case_Body:v1">id. at 456-457 (review was available under c. 30A where plaintiff's petition to reopen classification claimed defect in waiver of counsel at hearing). SORB's summary denial of Doe's motion in this case makes difficult an evaluation of whether and how SORB exercised its discretion and, as a result, the judge was likewise unable to consider whether SORB abused its discretion. The administrative record is particularly silent as to whether SORB considered Doe's explanation for the delay in bringing the motion and as to how it weighed any prejudice suffered by Doe as a result of the absence of a reclassification hearing. See Doe No. 209081, supra at 458-459.
Conclusion. The judgment is reversed and the matter is remanded to the Superior Court. The judge may, in his discretion, remand the matter to SORB for elucidation of its decision on Doe's motion to vacate.[4]
So ordered.
Reversed and remanded.

SORB sought to reclassify Doe because of "ongoing substance abuse and violent offending (most especially toward women)."

General Laws c. 30A, § 1, defines an adjudicatory proceeding as one "before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing."

As a result of our decision, we need not address Doe's other claims.